UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2014 MAR -4 PM 12:06

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ISRAEL SOTO,

      Defendant.

SA-97-CR-218(2)-FB

## AGREED ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING THE DEFENDANT

On this day came on to be considered the probation office's petition concerning revocation of the Defendant's supervised release, which is hereby incorporated by reference. Through their signatures below, the parties have recommended a disposition, in which the Defendant's probation officer and the Court concur, supported by findings set forth below.

## I. Findings

*Supervised release imposed.* On or about March 13, 1998, the Defendant was sentenced for a violation of Title 21, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute cocaine. The Court imposed a sentence of forty five (45) months imprisonment, followed by a five (5) year term of supervised release, and participation of drug treatment. This supervised release was revoked on August 4, 2006, and the Defendant

was re-sentenced to a fifteen (15) month term of imprisonment to run consecutively to the term of imprisonment imposed in Criminal Number SA-04-CR-396(6)-FB and concurrently with Criminal Number SA-06-CR-606(1)-FB, to be followed by a forty five (45) month term of supervised release to be served concurrently with both of the aforementioned cases. Supervised release was revoked on October 11, 2013, and the Defendant was re-sentenced to time served and forty (40) months supervised release to be served concurrently with Criminal Number SA-04-CR-396(6)-FB. This re-imposed supervised release term began on October 11, 2013.

## II. Supervision Violations

**1. The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit the confiscation of any contraband observed in plain view of the Probation Officer.**

On October 31, 2013, this officer had a scheduled initial home contact with the offender. Upon arriving at the residence, a person residing in the home came to the front gate and stated she was not sure if the offender was home. This officer waited at the front gate and while waiting, a dog came from the side of the home and attacked this officer. This officer was able to jump onto a vehicle to avoid serious injury. After ten minutes, the offender's wife, and the woman who initially answered the door, came out of the home and were directed to secure the dog. His wife was instructed to

have the offender contact this officer immediately, which he failed to do. On November 1, 2013, this officer contacted the offender, but the call was not returned by the offender. On November 4, 2013, the offender appeared in the office and had no explanation for the dog's behavior and stated he was not at his residence when this officer arrived.

On December 19, 2013, a home contact was attempted at the offender's residence. The offender's son, Israel Soto, was outside with an older male. This officer identified herself and the offender's son stated he would notify the offender that this officer was outside the residence. This officer waited for approximately 10 minutes and since no one came out of the home, the contact was terminated for safety reasons. On January 10, 2014, the offender was questioned in reference to this home contact to which the offender advised he was home at that time, but he gave no explanation as to why he failed to let this officer inside the home.

2. **The defendant shall report to the probation officer and shall submit truthful and complete written report within the first five days of each month.**

Mr. Soto failed to submit an online monthly supervision report in November 2013. He was verbally reprimanded and he verbalized he did not submit his report because he and his wife argued about his use of the internet as she believed he was conversing with other

women. The offender was subsequently placed on kiosk reporting.

On December 16, 2013, the offender appeared for his scheduled office appointment 37 minutes late. He advised he was late because of traffic and stated he believed his appointment was scheduled for 9:30 a.m. and not 9:00 a.m. During that meeting, the offender was instructed to set up his voicemail on his home telephone so that messages could be left for him since he normally did not answer his cellular telephone. As of the writing of this report, the offender has failed to comply with this directive.

On December 16, 2013, the offender was instructed to be in the office on January 6, 2014, at 10:00 a.m. On January 6, 2014, at 5:56 a.m., the offender left a message stating he would be unable to make this appointment due to health issues. He further stated he would appear in the office on January 8, 2014, at 10:00 a.m. On January 8, 2014, at 5:55 a.m., the offender left another voice message stating he was still sick with a stomach virus, but he would report to the office on January 13, 2014, at 11:00 a.m. Prior to that date, it was learned that the offender's son was arrested on federal charges (5: 14-MJ-00020(1)) and he was scheduled for a detention hearing on January 10, 2013, before Magistrate Judge Pamela Mathy. The offender did appear at said hearing and was escorted to the probation office. The offender was asked if he was going to report to the probation office after the hearing and he stated no. The offender stated he had a lot of "stuff going on." He

advised he and his wife are having marital problems and he had an Aunt who passed away. On January 13, 2014, the offender was instructed to participate in mental health counseling/marriage counseling and was given a resource to contact. On January 27, 2014, the offender admitted he had not followed this directive because he has not had time to do so.

On January 23, 2014, the offender failed to report and instead decided to report on January 24, 2014, at which time he was directed to appear in the office on January 27, 2014. On that date, the offender's failure to follow verbal directives was again addressed.

### III. Admonitions and Acknowledgments

The Defendant acknowledges that: (1) upon revocation of his supervised release terms, the Court could assess imprisonment up to a statutory maximum of twenty (20) months to be followed by forty four (44) months supervised release, and re-impose any unpaid monetary sanction; (2) the parties project his non-binding revocation policy-statement imprisonment range to be six (6) to twelve (12) months; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) the Defendant does not contest the above-related factual summary of the evidence of his misconduct; and (5) the Defendant acknowledges that the United States could prove such misconduct by a preponderance of the evidence. Counsel for the Government has conferred with the U.S. Probation Officer, and the

Officer did not agree that this sentence within the guideline range is appropriate.

## IV. Defendant's Waiver of Rights

Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowing and intelligently: (1) waives his rights under the Constitution, Fed.R.Crim.P. 32.1(a)(2), and 43, 18 U.S.C. § 3583(e)(3),(g)(1), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's supervised release is revoked and he is re-sentenced, as accomplished by this Order; and (2) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

## V. Defendant's Plea of True

As evidenced by his signature below, and that of his attorney, the Defendant acknowledges that he has reviewed the Supervision Violations set forth herein with his counsel, that the Defendant acknowledges that these violations are true, and that the Defendant pleads true to these violations.

## VI. Order

In view of the foregoing, based on the Defendant's uncontested violations of his supervised release, for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1. The Defendant's supervised release is revoked pursuant to 18 U.S.C. § 3583(e)(3) and (g)(1).

2. The Defendant is remanded to the custody of the Bureau of Prisons for SIX (6) MONTHS in a jail-type facility and not a halfway house or like facility, without credit for time served on post-release supervision. This term shall be concurrent with the like term of imprisonment imposed in Criminal Number SA-04-CR-396(6)-FB. At the conclusion of this term, no supervised release will follow.

SO ORDERED ON THIS _____3ª_____ day of _____March_____, 2014.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____       _____2-28-14_____
ISRAEL SOTO                                         Date
Defendant

_____       _____2-23-14_____
JAMES L. RODRIGUEZ                               Date
Counsel for Defendant

_____       _____2-28-14_____
CHARLIE STRAUSS                                   Date
Assistant United States Attorney